UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

GLORYMAR MALDONADO,

    Plaintiff,                                    CASE NO.: 3:23-cv-00059

vs.

AUTOZONERS, LLC

    Defendants.

## NOTICE OF REMOVAL

Defendant, AutoZoners, LLC ("AutoZone"), hereby removes this matter from the Superior Court, Judicial District of Hartford, Connecticut, where it is now pending, and reserving all rights, objections, and defenses, represents as follows in support of this Notice of Removal:

    1.    On December 19, 2022 Plaintiff, Glorymar Maldonado ("Plaintiff"), filed her Complaint entitled "*Glorymar Maldonado vs. Autozoners, LLC*" ("the State Court Action"), in the Connecticut Superior Court. Attached as **Exhibit A** is a true and accurate copy of Plaintiff's Complaint and all process, pleadings and orders served upon AutoZone in the State Court Action, as required by 28 U.S.C. § 1446(a).

    2.    On December 21, 2022, AutoZone was served with a copy of the Complaint. Thus, 30 days have not elapsed since AutoZone first received notice of Plaintiff's Complaint through service or otherwise, and removal is timely under 28 U.S.C. § 1446(b). To date, no other defendant has been properly joined and served.

    3.    Pursuant to 28 U.S.C. §1332(a), United States District Courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 exclusive of interests and costs and is between citizens of different states, except that the notice of

removal may assert the amount in controversy if the initial pleading seeks a money judgment, but the state practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded.

4. Plaintiff is a citizen and resident of Connecticut. (**Exhibit A** at ¶1.)

5. Defendant is a limited liability company organized under the laws of the State of Nevada with its principal place of business in Tennessee.

6. Pursuant to state practice, Plaintiff has alleged her demand **exceeds** $15,000 but has not alleged a specific amount in controversy. (**Exhibit A** at Statement of Amount in Demand.)

7. Upon information and belief, AutoZone asserts an amount in controversy of $75,000 inclusive of $20,000 in back pay at time of removal based on Plaintiff's wage statements kept within AutoZone's custody and care, and an indeterminate amount of punitive damages, front pay, attorneys' fees, and emotional distress and other compensatory damages such as are allowable at law or equity, as demanded in Plaintiff's Complaint (**Exhibit A** at Prayer for Relief). *See Baron v. Maxam North Am., Inc.*, Civ. Ac. No. 3:11-CV-198 (JCH), 2012 U.S. Dist. LEXIS 52315, at *7 (Dist. of Conn. Apr. 13, 2012) ("Pursuant to the CFEPA, a plaintiff may recover back pay, emotion distress damages, and reasonable attorneys' fees. Maxam asserts that Baron's back pay may equal approximately $25,000. In addition, emotional distress damages awards vary widely. See *Patino, 2009 Conn. Super. LEXIS 1331 at *46* (noting that emotional distress damages of $5,000 to $65,000 may be appropriate for "less severe discrimination cases," and awards of $100,000 to $400,000 may be appropriate for severe discrimination cases.) Finally, should Baron prevail, she would be entitled to reasonable attorneys' fees, which Maxam estimates could equal $50,000 or higher… Consequently, defendants have met their burden of establishing that the amount in controversy meets the jurisdictional amount…") (some internal citations omitted)

8. Pursuant to 28 U.S.C. § 1446(d), AutoZone, concurrently with the filing of this Notice of Removal, has served written notice thereof to Plaintiff and has filed a "Notice of Removal to Federal Court" with the Clerk of Court for the Superior Court, Judicial District of Hartford, Connecticut.

**WHEREFORE**, AutoZone requests that the above-described action pending in the State Court for the Superior Court, Judicial District of Hartford, Connecticut, be removed to this Court pursuant to 28 U.S.C. § 1332(a) based on the above referenced diversity of citizenship and alleged amount in controversy.

Dated: January 18, 2023                              Respectfully submitted,

                                                     /s/
                                                     Rebecca Goldberg (ct29508)
                                                     Berchem Moses PC
                                                     75 Broad Street
                                                     Milford, CT 06460
                                                     Telephone: (203) 783-1200
                                                     Facsimile: (203) 882-0045
                                                     Email: rgoldberg@berchenmoses.com

                                                     *Attorney for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on January 18, 2023 I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system. I further certify that I served a copy via E-mail to the following counsel of record:

Michael J. Reilly, Esq.
CICHIELLO & CICHIELLO LLP
364 Franklin Avenue
Hartford, Connecticut 06114
Tel: (860) 296-3457
Fax: (860) 296-0676
Juris #: 419987
Primary e-mail: mreilly@cichielloesq.com

I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to the following non-CM/ECF participants: N/A


/s/
Rebecca Goldberg

# EXHIBIT

# A

# SUMMONS - CIVIL

JD-CV-1 Rev. 10-15
C.G.S. §§ 51-346, 51-347, 51-349, 51-350, 52-45a,
52-48, 52-259, P.B. §§ 3-1 through 3-21, 8-1, 10-13

**STATE OF CONNECTICUT**
**SUPERIOR COURT**
www.jud.ct.gov

See other side for instructions

- [ ] "X" if amount, legal interest or property in demand, not including interest and costs is less than $2,500.
- [x] "X" if amount, legal interest or property in demand, not including interest and costs is $2,500 or more.
- [ ] "X" if claiming other relief in addition to or in lieu of money or damages.

TO: Any proper officer; BY AUTHORITY OF THE STATE OF CONNECTICUT, you are hereby commanded to make due and legal service of this Summons and attached Complaint.

| Address of court clerk where writ and other papers shall be filed *(Number, street, town and zip code)* (C.G.S. §§ 51-346, 51-350) | Telephone number of clerk *(with area code)* | Return Date *(Must be a Tuesday)* |
|---|---|---|
| 95 Washington Street, Hartford, CT 06103 | ( 860 ) 548-2700 | January 24, 2023 |

| | At *(Town in which writ is returnable) (C.G.S. §§ 51-346, 51-349)* | Case type code *(See list on page 2)* |
|---|---|---|
| [x] Judicial District    [ ] G.A. Number:    [ ] Housing Session | Hartford | Major: **M**    Minor: **90** |

**For the Plaintiff(s) please enter the appearance of:**

| Name and address of attorney, law firm or plaintiff if self-represented *(Number, street, town and zip code)* | Juris number *(to be entered by attorney only)* |
|---|---|
| Cicchiello & Cicchiello, LLP, 364 Franklin Avenue, Hartford, CT 06114 | 419987 |

| Telephone number *(with area code)* | Signature of Plaintiff *(If self-represented)* |
|---|---|
| ( 860 ) 296-3457 | |

The attorney or law firm appearing for the plaintiff, or the plaintiff if self-represented, agrees to accept papers (service) electronically in this case under Section 10-13 of the Connecticut Practice Book.    [x] Yes   [ ] No

Email address for delivery of papers under Section 10-13 *(if agreed to)*: mreilly@cicchielloesq.com

Number of Plaintiffs: **1**    Number of Defendants: **1**    [ ] Form JD-CV-2 attached for additional parties

| Parties | Name *(Last, First, Middle Initial)* and Address of Each party *(Number; Street; P.O. Box; Town; State; Zip; Country, if not USA)* | |
|---|---|---|
| First Plaintiff | Name: Glorymar Maldonaldo<br>Address: c/o: Cicchiello & Cicchiello, LLP, 364 Franklin Avenue, Hartford, CT 06114 | P-01 |
| Additional Plaintiff | Name:<br>Address: | P-02 |
| First Defendant | Name: Autozoners, LLC<br>Address: 123 S. Front Street, Memphis, TN 38103 | D-01 |
| Additional Defendant | Name: Agent: CT Corporation System, 67 Burnside Avenue, East Hartford, CT 06108<br>Address: | D-02 |
| Additional Defendant | Name:<br>Address: | D-03 |
| Additional Defendant | Name:<br>Address: | D-04 |

## Notice to Each Defendant

1. **YOU ARE BEING SUED.** This paper is a Summons in a lawsuit. The complaint attached to these papers states the claims that each plaintiff is making against you in this lawsuit.
2. To be notified of further proceedings, you or your attorney must file a form called an "Appearance" with the clerk of the above-named Court at the above Court address on or before the second day after the above Return Date. The Return Date is not a hearing date. You do not have to come to court on the Return Date unless you receive a separate notice telling you to come to court.
3. If you or your attorney do not file a written "Appearance" form on time, a judgment may be entered against you by default. The "Appearance" form may be obtained at the Court address above or at *www.jud.ct.gov* under "Court Forms."
4. If you believe that you have insurance that may cover the claim that is being made against you in this lawsuit, you should immediately contact your insurance representative. Other action you may have to take is described in the Connecticut Practice Book which may be found in a superior court law library or on-line at *www.jud.ct.gov* under "Court Rules."
5. If you have questions about the Summons and Complaint, you should talk to an attorney quickly. **The Clerk of Court is not allowed to give advice on legal questions.**

| Signed *(Sign and "X" proper box)* | [x] Commissioner of the Superior Court<br>[ ] Assistant Clerk | Name of Person Signing at Left<br>Michael J. Reilly | Date signed<br>12/19/2022 |
|---|---|---|---|

If this Summons is signed by a Clerk:
a. The signing has been done so that the Plaintiff(s) will not be denied access to the courts.
b. It is the responsibility of the Plaintiff(s) to see that service is made in the manner provided by law.
c. The Clerk is not permitted to give any legal advice in connection with any lawsuit.
d. The Clerk signing this Summons at the request of the Plaintiff(s) is not responsible in any way for any errors or omissions in the Summons, any allegations contained in the Complaint, or the service of the Summons or Complaint.

For Court Use Only
File Date

| I certify I have read and understand the above: | Signed *(Self-Represented Plaintiff)* | Date | Docket Number |
|---|---|---|---|

(Page 1 of 2)

## Instructions

1. *Type or print legibly; sign summons.*
2. *Prepare or photocopy a summons for each defendant.*
3. *Attach the original summons to the original complaint, and attach a copy of the summons to each copy of the complaint. Also, if there are more than 2 plaintiffs or more than 4 defendants prepare form JD-CV-2 and attach it to the original and all copies of the complaint.*
4. *After service has been made by a proper officer, file original papers and officer's return with the clerk of court.*
5. *Do not use this form for the following actions:*

   (a) *Family matters (for example divorce, child support, custody, paternity, and visitation matters).*
   (b) *Summary process actions.*
   (c) *Applications for change of name.*
   (d) *Probate appeals.*
   (e) *Administrative appeals.*
   (f) *Proceedings pertaining to arbitration.*
   (g) *Any actions or proceedings in which an attachment, garnishment or replevy is sought.*

### ADA NOTICE

The Judicial Branch of the State of Connecticut complies with the Americans with Disabilities Act (ADA). If you need a reasonable accommodation in accordance with the ADA, contact a court clerk or an ADA contact person listed at *www.jud.ct.gov/ADA*.

## Case Type Codes

| Major Description | Codes Major/Minor | Minor Description | Major Description | Codes Major/Minor | Minor Description |
|---|---|---|---|---|---|
| Contracts | C 00 | Construction - All other | Torts (Other than Vehicular) | T 02 | Defective Premises - Private - Snow or Ice |
| | C 10 | Construction - State and Local | | T 03 | Defective Premises - Private - Other |
| | C 20 | Insurance Policy | | T 11 | Defective Premises - Public - Snow or Ice |
| | C 30 | Specific Performance | | T 12 | Defective Premises - Public - Other |
| | C 40 | Collections | | T 20 | Products Liability - Other than Vehicular |
| | C 90 | All other | | T 28 | Malpractice - Medical |
| Eminent Domain | E 00 | State Highway Condemnation | | T 29 | Malpractice - Legal |
| | E 10 | Redevelopment Condemnation | | T 30 | Malpractice - All other |
| | E 20 | Other State or Municipal Agencies | | T 40 | Assault and Battery |
| | E 30 | Public Utilities & Gas Transmission Companies | | T 50 | Defamation |
| | E 90 | All other | | T 61 | Animals - Dog |
| | | | | T 69 | Animals - Other |
| Miscellaneous | M 00 | Injunction | | T 70 | False Arrest |
| | M 10 | Receivership | | T 71 | Fire Damage |
| | M 20 | Mandamus | | T 90 | All other |
| | M 30 | Habeas Corpus (extradition, release from Penal Institution) | Vehicular Torts | V 01 | Motor Vehicles* - Driver and/or Passenger(s) vs. Driver(s) |
| | M 40 | Arbitration | | V 04 | Motor Vehicles* - Pedestrian vs. Driver |
| | M 50 | Declaratory Judgment | | V 05 | Motor Vehicles* - Property Damage only |
| | M 63 | Bar Discipline | | V 06 | Motor Vehicle* - Products Liability Including Warranty |
| | M 66 | Department of Labor Unemployment Compensation Enforcement | | V 09 | Motor Vehicle* - All other |
| | | | | V 10 | Boats |
| | M 68 | Bar Discipline - Inactive Status | | V 20 | Airplanes |
| | M 70 | Municipal Ordinance and Regulation Enforcement | | V 30 | Railroads |
| | M 80 | Foreign Civil Judgments - C.G.S. 52-604 & C.G.S. 50a-30 | | V 40 | Snowmobiles |
| | | | | V 90 | All other |
| | M 83 | Small Claims Transfer to Regular Docket | | | *Motor Vehicles include cars, trucks, motorcycles, and motor scooters. |
| | M 84 | Foreign Protective Order | | | |
| | M 90 | All other | | | |
| Property | P 00 | Foreclosure | | | |
| | P 10 | Partition | Wills, Estates and Trusts | W 10 | Construction of Wills and Trusts |
| | P 20 | Quiet Title/Discharge of Mortgage or Lien | | W 90 | All other |
| | P 30 | Asset Forfeiture | | | |
| | P 90 | All other | | | |

JD-CV-1 Rev. 10-15 (Back/Page 2)

| | | |
|---|---|---|
| **RETURN DATE: JANUARY 24, 2023** | : | **SUPERIOR COURT** |
| | : | |
| **GLORYMAR MALDONADO** | : | **JUDICIAL DISTRICT** |
| | : | |
| **VS.** | : | **OF HARTFORD** |
| | : | |
| **AUTOZONERS, LLC** | : | **DECEMBER 19, 2022** |

## COMPLAINT

**FIRST COUNT:**  Sex Discrimination / Sexual Harassment in Violation of Conn. Gen. Stat. §§ 46a-60(b)(1) and (8)

1. At all times set forth herein, the Plaintiff, Glorymar Maldonado, was a resident of Hartford, Connecticut.

2. At all times set forth herein, the Defendant, Autozoners, LLC, was a limited liability company organized under the laws of the State of Tennessee.

3. The Defendant operates "Autozone" retail stores throughout the United States, including one located at 545 Wethersfield Avenue, in Hartford, Connecticut.

4. Plaintiff commenced her employment with the Defendant at the aforesaid Wethersfield Avenue location in May 2021 in the position of parts sales manager.

5. During the course of Plaintiff's employment with Defendant, she worked with a co-worker named Joel Dix ("Dix").

6. On or about May 18, 2022, Dix began to send Plaintiff graphic photographs of his genitalia and other sexually explicit drawings and photographs.

7. On or about May 25, 2022, while both Plaintiff and Dix were at work with Defendant, Dix sent more nude photos of himself and his genitalia to Plaintiff.

8. Plaintiff was with a supervisor, Charles Rivera ("Rivera") when she received these latest graphic photographs.

9. Plaintiff immediately notified Rivera of the barrage of graphic sexual photographs that she had received from Dix.

10. Rivera directed Plaintiff not to speak to Dix and brought Plaintiff to meet with Carlos (last name unknown), a regional commercial sales manager for the Defendant.

11. Plaintiff and Rivera reported Dix's text messages to Carlos.

12. In response, Carlos stated that he would immediately make Lindsey Colossa ("Colossa"), Defendant's District Manager, aware of the situation and instructed Plaintiff to go home while Defendant investigated the manner.

13. Approximately an hour later, Colossa called the Plaintiff and asked her what had happened.

14. Plaintiff explained that Dix had sent her numerous sexually graphic text messages and stated that she was no longer comfortable working with Dix

15. Colossa told Plaintiff that she could work another one of Defendant's stores, located on New Britain Avenue in Hartford, while Defendant investigated the matter.

16. Defendant did not obtain Plaintiff's consent to this arrangement, in writing, as required by Conn. Gen. Stat. § 46a-60(8).

17. Nonetheless, on May 27, 2022, Plaintiff reported to and worked a normal shift at the New Britain Avenue store.

18. The following day, May 28, 2022, Plaintiff again reported for work at the New Britain Avenue store, as she'd been instructed to do by Colossa.

19. When Plaintiff arrived at the New Britain Avenue store on May 28th, the Store Manager there stated to Plaintiff that she did not know why Plaintiff was there again, and that she needed return to the Wethersfield Avenue store and work there.

20. The Store Manager at the New Britain Avenue store told Plaintiff that she had spoken with the Wethersfield Avenue store manager, Celitza Ortiz ("Ortiz"), and that it was "OK" for the Plaintiff to return to the Wethersfield Avenue store because Plaintiff and Dix were not scheduled to work at the same time.

21. Once again, Defendant did not obtain Plaintiff's consent to this arrangement, in writing, as required by Conn. Gen. Stat. § 46a-60(8).

22. Moreover, and contrary to the Store Manager's representation, Defendant's scheduling application demonstrated that Plaintiff and Dix were scheduled to work alone together, for a full shift, just two days later on May 31, 2022.

23. Accordingly, because Defendant did not ensure that Plaintiff and Dix would not be working together after he had sent her a barrage of sexually graphic text messages, and instead scheduled Plaintiff to work alone with Dix while it was purportedly investigating the matter, Plaintiff was too scared and intimidated to report to work as scheduled on May 31, 2022.

24. Through the foregoing conduct, Defendant constructively discharged Plaintiff's employment, as any reasonable employee placed in the position of working alone with a co-worker who had repeatedly sent graphic pictures of his genitalia, despite the employee having reported such conduct to her employer, would perceive the working conditions as so intolerable that she had no choice but to resign.

25. The Defendant discriminated against the Plaintiff on the basis of her sex, subjected her to a sexually hostile work environment, and ultimately terminated her employment on the basis of her sex, all in violation of Conn. Gen. Stat. §§ 46a-60(b)(1) and (8).

26. As a result of the foregoing unlawful conduct of the Defendant, the Plaintiff has suffered, and will suffer, monetary damages, including but not limited to lost wages.

3

27. As a further result of the foregoing unlawful conduct of the Defendant, the Plaintiff has suffered emotional distress.

28. As a further result of the foregoing unlawful conduct of the Defendant, the Plaintiff has incurred, and/or will incur, attorney's fees and costs.

29. Prior to instituting this action, Plaintiff filed an administrative complaint with the Commission on Human Rights and Opportunities. Plaintiff received a Release of Jurisdiction letter from the CHRO dated December 16, 2022, attached hereto as Exhibit A. As such, Plaintiff has exhausted her administrative remedies.

**SECOND COUNT:**       **Retaliation in Violation of Conn. Gen. Stat. 46a-60(b)(4)**

1. The Plaintiff repeats and re-alleges Paragraphs 1 through 24 above as Paragraphs 1 through 24 of this Second Count, as if fully set forth herein.

25. The Defendant retaliated against the Plaintiff because she opposed and / or complained about the foregoing discriminatory conduct, in violation of Conn. Gen. Stat. § 46a-60(b)(4).

26. As a result of the foregoing unlawful conduct of the Defendant, the Plaintiff has suffered, and will suffer, monetary damages, including but not limited to lost wages.

27. As a further result of the foregoing unlawful conduct of the Defendant, the Plaintiff has suffered emotional distress.

28. As a further result of the foregoing unlawful conduct of the Defendant, the Plaintiff has incurred, and/or will incur, attorney's fees and costs.

29. Prior to instituting this action, Plaintiff filed an administrative complaint with the Commission on Human Rights and Opportunities. Plaintiff received a Release of Jurisdiction letter from the CHRO dated December 16, 2022, attached hereto as Exhibit A. As such, Plaintiff

has exhausted her administrative remedies.

5

**WHEREFORE,** the Plaintiff prays for the following relief:

1. Money damages;

2. Reinstatement or front pay;

3. Reasonable attorney's fees and costs;

4. Punitive damages; and,

5. Such other relief as is allowable at law or equity.

THE PLAINTIFF
GLORYMAR MALDONADO

By: _____
Michael J. Reilly, Esq.
CICCHIELLO & CICCHIELLO LLP
364 Franklin Avenue
Hartford, Connecticut 06114
Tel: (860) 296-3457
Fax: (860) 296-0676
Juris #: 419987
Email: mreilly@cicchielloesq.com

| | | |
|---|---|---|
| RETURN DATE: JANUARY 24, 2023 | : | SUPERIOR COURT |
| | : | |
| GLORYMAR MALDONADO | : | JUDICIAL DISTRICT |
| | : | |
| VS. | : | OF HARTFORD |
| | : | |
| AUTOZONERS, LLC | : | DECEMBER 19, 2022 |

## STATEMENT OF AMOUNT IN DEMAND

The amount of demand in this matter exceeds $15,000.00.

                                                                                     THE PLAINTIFF
                                                                                     GLORYMAR MALDONADO

By: _____
Michael J. Reilly, Esq.
CICCHIELLO & CICCHIELLO LLP
364 Franklin Avenue
Hartford, Connecticut 06114
Tel: (860) 296-3457
Fax: (860) 296-0676
Juris #: 419987
Email: mreilly@cicchielloesq.com

7

# EXHIBIT A

8

EXHIBIT A

## STATE OF CONNECTICUT
## COMMISSION ON HUMAN RIGHTS AND OPPORTUNITIES



Glorymar Maldonado
**COMPLAINANT**

CHRO No. 2210442
EEOC No. 16A-2022-01022

v.

Autozone Northeast, LLC
**RESPONDENT**

### RELEASE OF JURISDICTION

The Commission on Human Rights and Opportunities hereby releases its jurisdiction over the above-identified complaint. The Complainant is authorized to commence a civil action in accordance with CONN. GEN. STAT. § 46a-100 against the Respondent in the Superior Court for the judicial district in which the discriminatory practice is alleged to have occurred, in which the Complainant resides or in which the Respondent transacts business. If this action involves a state agency or official, it may be brought in the Superior Court for the judicial district of Hartford.

A copy of any civil action brought in accordance with this release must be served on the Commission by email at ROJ@ct.gov or by regular U.S. mail at 450 Columbus Blvd. – Suite 2, Hartford, CT 06103 at the same time all other parties are served. Service by email is preferred. **THE COMMISSION MUST BE SERVED BECAUSE IT HAS A RIGHT TO INTERVENE IN ANY ACTION BASED ON A RELEASE OF JURISDICTION PURSUANT TO CONN. GEN. STAT. § 46a-103.**

The Complainant must bring an action in Superior Court within 90 days of receipt of this release and within two years of the date of filing the complaint with the Commission unless circumstances tolling the statute of limitations are present.

**DATE:** December 16, 2022

_Tanya A. Hughes_
Tanya A. Hughes, Executive Director

cc: Michael J. Reilly, Esq., via email: mreilly@cicchielloesq.com
Rebecca Goldberg, Esq., via email: rgoldberg@berchemmoses.com